**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAY 22 2002**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>   Plaintiff - Appellee,<br><br>v.<br><br>WAYNE EUGENE FORTUNE,<br><br>   Defendant - Appellant. | No. 02-6005<br>(D.C. No. 01-CIV-1308-T,<br>99-CR-13-T)<br>(W.D. Oklahoma) |

**ORDER AND JUDGMENT**[*]

Before **TACHA**, Chief Judge, **EBEL** and **LUCERO**, Circuit Judges.

Petitioner-Appellant Wayne Eugene Fortune was convicted by a jury of 1) interfering with interstate commerce by robbery, in violation of 18 U.S.C. § 1951; 2) using or carrying a firearm during the commission of the robbery, in violation of 18 U.S.C. § 924(c)(1); and 3) possessing a firearm after previous conviction of

---

[*]After examining appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This Order and Judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

a felony, in violation of 18 U.S.C. § 922(g)(1). He now appeals from the district court's denial of his post-conviction motion filed pursuant to 28 U.S.C. § 2255. He raises two issues.

First, Fortune argues that the district court lacked subject matter jurisdiction over his prosecution because the offenses for which he was convicted were state law offenses, and the state did not waive its jurisdiction. It is well established that a state and the federal government may each prosecute a defendant for the same offense without raising double jeopardy concerns. United States v. Trammell, 133 F.3d 1343, 1349 (10th Cir. 1998). This court is aware of no authority requiring a state to waive its jurisdiction before the federal government may prosecute a federal offense.

Second, Fortune contends that his trial counsel was constitutionally ineffective for failing to challenge the district court's jurisdiction, for failing to locate and produce a certain eyewitness, and for allowing Fortune to receive a life sentence. For substantially the same reasons set forth in the district court's opinion, we hold that Fortune's ineffective assistance claim is meritless. To the extent that the district court did not address the failure of Fortune's counsel to raise the precise jurisdictional issue discussed above, the counsel's failure cannot be deemed deficient, as the issue lacks merit.

Fortune's application for a certificate of appealability and motion to proceed in forma pauperis are DENIED. This appeal is DISMISSED. The filing fee shall be paid within ten days of the date of this order.

ENTERED FOR THE COURT

David M. Ebel
Circuit Judge